UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAN PETE**                                                          **CIVIL ACTION**

**VERSUS**                                                                     **NO. 24-1836**

**LOUISIANA STATE**                                                  **SECTION "B" (3)**

<u>**ORDER AND REASONS**</u>

Before the Court is plaintiff Norman Pete's October 8, 2024, response to this Court's previous Order. Rec. Doc. 10. There has been no response to the complaint by defendant "Louisiana State," despite the summons being returned executed on Liz Murrill on August 9, 2024. Rec. Doc. 8. For the reasons *infra*,

**IT IS HEREBY ORDERED** that plaintiff's §1983 complaint be **DISMISSED.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

On July 29, 2024, Pete Norman sued the defendant Liz Murrill, in her capacity as Louisiana's Attorney General, under 42 U.S.C. §1983 challenging the constitutionality of Louisiana's sex offender registration. In his Complaint, Pete asserts that the government has been violating his civil rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Rec. Doc. 3 at 3. Pete details that Louisiana Legislators have implemented laws that require those convicted of sex offenses to register, pay substantial fees, and adhere to various requirements to avoid future prosecution. *Id.* at 4. His arguments center on the fact that he and other sex offenders are being "discriminated against" with these requirements despite having previously served full-term sentences for their precipitating charges.

In his petition, Norman Pete provides that he was recently released from Rayburn Correctional Center after serving a full-term sentence from a conviction out of Orleans Parish for Forcible Rape and Second-Degree Kidnapping. Rec. Doc. 11 at 12. Prior to his release, Pete signed

1

paperwork for the "Louisiana Sex Registration and Notification Requirements Upon Release from Confinement by the Department of Public Safety and Corrections." Rec. Doc. 11 at 8-15. Additionally, Pete has provided some of the documentation from the various fees he has paid to Orleans Parish in compliance with his registration requirements. Rec. Doc. 11 at 5-7.

Norman Pete filed the instant complaint on July 29, 2024. Rec. Doc. 3. To date, defendant Liz Murrill has taken no actions to defend against Pete's claims. Due to the defendant's failure, Pete filed a default judgment motion, on September 20, 2024. Rec. Doc. 9. Consistent with the duties imposed by 28 U.S.C. § 1915 (e)(2)(B), the Court denied plaintiff's motion (Rec. Doc. 9) and required plaintiff Pete to file a response to various matters on or before October 11, 2024. Rec. Doc. 10. Prior to this deadline, plaintiff timely filed a document in response to the Court's Order. Rec. Doc. 11. In this instant motion, Pete asks this Court to find that all fees, sex offender registrations, and disqualifications for re-entry programs be ruled unconstitutional, and for the Court to award him twenty million dollars of punitive damages against the State of Louisiana. Rec. Doc. 3.[1]

## LAW AND ANALYSIS

### *Sua Sponte Dismissal*

Sua sponte dismissal is appropriate when a plaintiff fails to prosecute his case. *See Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) (citing FED. R. CIV. P. 41(b)). It is also appropriate when a complaint fails to state a claim. *See Lozano v. Ocwen Fed. Bank, FSB*,

---

[1] While not outcome-determinative here, Pete appears to have a lengthy history of suing state officials, often unsuccessfully. *See Pete v. Foti*, 2:89-cv-04277; *Pete v. Foti*, 2:89-cv-00813; *Pete v. Foti*, 2:98-cv-02087; *Pete v. LA Parole Board*, et al., 2:00-cv-03166; *Pete v. Orleans Parish Criminal Sheriff's Office, et al.*, 2:04-cv-02139; *Pete v. Gusman*, 2:07-cv-03776; *Pete v. Tanner*, 2:09-cv-03403; *Pete v. McCain*, 2:15-cv-01464; *Pete v. Tanner*, 2:17-cv-01802; *Pete v. Tanner*, 2:18-cv-10535; *Pete v. Day*, 2:22-cv-00240, *Pete v. Doe*, 2:22-cv-02327; *Pete v. Doe*, 2:22-cv-03041; *Pete v. Wainwright et al.*, 2:24-cv-00879; *Pete v. Prevose*, 2:24-cv-01614; *Pete v. Louisiana State et al.*, 2:24-cv-02375; *Pete v. Williams et al.*, 2:25-cv-00199.

489 F.3d 636, 642 (5th Cir. 2007) (The Fifth Circuit has held that a district court is authorized to consider the sufficiency of the complaint on its own initiative." (quotations omitted)). Finally, *sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). The Court possesses the authority to dismiss an action *sua sponte* without motion by a defendant if the procedure is fair. FED. R. CIV. P. 12(b)(6); *See, e.g.*, *Gaffney v. State Farm Fire & Cas. Co.*, 294 F.App'x 975, 977 (5th Cir. 2008); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The Fifth Circuit suggests that "fairness in this context requires both notice of the court's intention [to dismiss *sua sponte*] and an opportunity to respond." *Gaffney*, 294 F.App'x 975 at 977 (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636,643 (5th Cir. 2007)). In the alternative, dismissal will only be upheld if the plaintiff has alleged his "best case." *Id.*

Federal Rule of Civil Procedure 8 provides that the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833

F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge [] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). The Court may also take judicial notice of public records while conducting a 12(b)(6) analysis. *See Viking Constr. Grp., LLC et al. v. Satterfield & Pontikes Constr. Grp., et al.*, No. 17-12838, 2018 WL 398751, at *4 n.18 (E.D. La. Jan. 12, 2018); *Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017). Here, plaintiff includes in his filing a response to this Court's previous Order. *See* Rec. Doc. 11. This document is central to plaintiff's complaint. *Id.* Thus, both are appropriately considered.

It is not uncommon for a court to allow a plaintiff to amend their pleading before dismissing the action with prejudice when the dismissal is for failure to state a claim. Fed. R. Civ. P. 15(a); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. V. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Prop.Grp.,*

4

*LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Further, the Fifth Circuit has made clear that a court should deny leave to submit futile amendments if the defects are incurable. *See Id; Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C.*, 751 F.3d at 378.

### *Failure to state a claim*

Pete's petition barely describes the grounds on which he bases his claims. *See* Rec. Doc. 3. Pete states his rights were infringed upon by the State of Louisiana's requirements to submit to sex offender registration and notification requirements. *Id.* These "punishments," per Pete, deprive him of his Fifth, Eighth, and Fourteenth Amendment rights. Rec. Doc. 3 at 3. In this petition, Norman Pete is not contesting his convictions for Forcible Rape or Second Degree Kidnapping. Rec. Doc. 11 at 12. Nor is he contesting his requirement to register as a sex offender under LA. STAT. ANN. § 15:542. Rec. Docs. 3 and 11. Instead, Pete utilizes this motion to argue that the registration and notification requirements are depriving him of rights, privileges, and immunities protected by the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment. To allege a §1983 violation, a plaintiff must state a violation of a right secured by the Constitution or laws of the United States and state that the deprivation was committed by a person acting under the color of state law. *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 Fed.Appx. 214 (5th Cir. 2010) (citation omitted). Therefore, the inquiry here must be whether Pete has stated a viable infringement on his Fifth, Eighth, and Fourteenth Amendment rights. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Being that Pete asserts a §1983 claim pursuant to his Fourteenth Amendment rights being violated, it is pertinent to discuss possible procedural due process claims. Per what little information we have, Pete has been convicted of a sex offense and must register as a sex offender

5

per Louisiana law. Rec. Docs. 3 and 11; LA. STAT. ANN. § 15:542 (2025). "When a state interferes with liberty interest, 'the procedures attendant upon that deprivation [must be] constitutionally sufficient." *Does 1-7 v. Abbott*, 945 F.3d 307 (5th Cir. 2019) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "'The individual convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process.'" *Id.* (citing *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010)). "Therefore, when a registry's requirements 'turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest'—persons convicted of sexual offenses are owned no additional process." *Id.* (citing *Conn. Dep't of Pub. Safety v. Doe v. Doe* ("CDPS"), 538 U.S. 1, 7-8 (2003)).

Regarding Pete's Equal Protection claims, the Eastern District of Louisiana previously determined that when conduct receives punishments not issued to identical conduct, the Fourteenth Amendment protects those being denied equal protection of the laws. *See Doe v. Jindal*, 851 F.Supp.2d 995 (E.D. La. 2012) (holding Louisiana's Prostitution statute and Crime Against Nature by Solicitation statute punish identical conduct, but only required one group to register as sex offenders was a violation of the Fourteenth Amendment). Here, Pete has failed to assert that Louisiana sex offender registration and notification laws do not apply to all similarly situated sex offenders, thus we find no merit in Pete's Fourteenth Amendment equal protection claim.

Pete's claim that his Fifth and Fourteenth Amendment rights are being violated suggest he is asserting a substantive due process claim. "[T]he Fifth and Fourteenth Amendments guarantee of 'due process of law' [ ] include a substantive component, which forbids the government to infringe certain 'fundamental' liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Greenwald v. Cantrell*,

675 F.Supp.3d 709 (E.D. La. 2023), *appeal dismissed as moot sub nom. Greenwald v. Murrill*, No. 23-30429, 2024 WL 1929012 (5th Cir. May 2, 2024) (citing *Reno v. Flores*, 507 U.S. 292, 301-02 (1993)). Substantive due process protects against arbitrary government action, but mostly behavior that "shocks the conscience"—"conduct intended to injure in some way unjustifiable by any government interest." *Id.* (citations omitted).

With respect to substantive due process, Pete contends that the burdens of the Louisiana's sex offender laws are excessive, causing him to pay substantial fees pay fees, and live in certain places, and register after serving a prison sentence. However, despite showing proof of fees totaling over two thousand dollars (Rec. Doc. 11 at 5-7), this Court is not persuaded that the registration requirements are unjustified or that they are imposed with the intent to injure Pete. Further, he has not shown that the restrictions rise to the level of shocking the conscience. Thus Pete's substantive due process claim fails.

Regarding Pete's Eighth Amendment claim, the petitioner, again, fails to state a viable claim. The Eighth Amendment prohibits cruel and unusual punishment. A statute may violate this Amendment if it is punitive. *Greenwald*, 675 F.Supp.3d at 716. To determine whether a statute is punitive, courts determine: "'if the intention of the legislature was to impose punishment, that ends the inquiry;' but if the law was not intended to be punitive, the question becomes whether it is 'so punitive either in purpose or effect as to negate the State's intention to deem it civil.'" *Id.* (citing *Abbot*, 945 F.3d at 314). The Fifth Circuit and the Supreme Court have already made this determination regarding sex offender registration statutes, finding they are non-punitive. *Id.* (citing *Smith v. Doe*, 538 U.S. 84, 104 (2003); *Moore v. Avoyelles Corr. Ctr.*, 253 F.3d 870, 872 (5th Cir. 2001) (finding community notification provision did not inflict punishment); *Abbott*, 945 F.3d at 314 (5th Cir. 2019)). Finding these laws nonpunitive relies heavily on the rational connection to

7

the statutes nonpunitive purpose—public safety. *Abbott*, 945 F.3d at 314 (citing Smith, 538 U.S. at 97).

The Fifth Circuit has stated that to prove this claim, a plaintiff must provide "'clearest proof' that the Louisiana law is 'so punitive in form and effect as to render [it] criminal despite [the legislature's] intent to the contrary.'" *Id.* (citations and quotations omitted). Here, no such proof has been provided by petitioner to make this Court reach a different conclusion from that of the Fifth Circuit or the Supreme Court of the United States of America. Thus, while Pete may feel that these requirements are punitive, the Fifth Circuit has already held otherwise. *Id.* (citing *Moore*, 253 F.3d at 872 (citation omitted) ("A law serving nonpunitive goals 'is not punishment, even though it may bear harshly on one affected.'")).

### *Court Lacks Subject-Matter Jurisdiction—Liz Murrill*

In Pete's complaint he lists both Liz Murrill and the Louisiana State as defendants. Rec. Doc. 3 at 1 and 2. The Eleventh Amendment generally bars private citizens from suing a state in federal court. *See U.S. Const. amend. XI*; *K.P. v. LeBlanc*, 627 F.3d 115, 114 (5th Cir. 2010) (citation omitted). The Eleventh Amendment also bars private citizens from suing a state employee in his official capacity because an official-capacity claim against a state employee is equivalent to suing the state itself. *See Will v. Mich Dep't of State Police*, 491 U.S. 58, 71 (1989); *K.P. v. LeBlanc*, 627 F.3d at 124.

Nevertheless, there is an exception, the *Ex parte Young* doctrine. *K.P. v. LeBlanc*, 627 F.3d at 124 (citing *Ex Parte Young*, 209 U.S. 123 (1908); *Will*, 491 U.S. at 71 n.10). Thus, if Pete had been shown that the state official, Liz Murrill had "some connection with the enforcement of [an] [unconstitutional] act" he may have been able to assert a claim against Murrill. However, here, as discussed *supra*, Pete has failed to assert an unconstitutional act. *Id.*

8

Thus, he will not be able to connect Murrill with the enforcement of an "unconstitutional act," here. Further, allegations that Murrill has carried out her constitutional duties does not satisfy *Ex parte Young*'s requirement that there be "some connection" between the state official and enforcement of the allegedly unconstitutional act. *See Doe v. Jindal*, No. CV 15-1283, 2015 WL 7300506 (E.D. La. Nov. 18, 2015) (citing Okpalobi v. Foster, 244 F.3d 405, 417 (5th Cir. 2001); *Doe v. Jindal*, No. 11-3888, 2011 WL 3925042, at *5 (E.D. La. Sept. 7, 2011)). Accordingly, the claims against Murrill must be dismissed.

    New Orleans, Louisiana this 3rd day of October 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE
